NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0691n.06

No. 10-5165

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Sep 28, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff-Appellee,                       )
                                             )
v.                                           )    ON APPEAL FROM THE UNITED
                                             )    STATES DISTRICT COURT FOR
ROBERT BENNETT,                              )    THE EASTERN DISTRICT OF
                                             )    TENNESSEE
    Defendant-Appellant.                      )
                                             )
                                             )

Before: GILMAN and KETHLEDGE, Circuit Judges; Ludington, District Judge.[*]

KETHLEDGE, Circuit Judge. A jury convicted Robert Bennett of various drug-trafficking crimes. He appeals that conviction, arguing that much of the evidence against him should have been suppressed because the police obtained it unlawfully, that the prosecutor committed misconduct during his trial, and that the district court should have granted his motion for acquittal because there was insufficient evidence to convict him. We affirm.

I.

The FBI began investigating Bennett in July 2007 for his potential involvement in drug trafficking. Special Agent Mickey Nocera arranged for a confidential informant, Vernita Nolan, to conduct a controlled buy of drugs from Bennett. Nocera had known Nolan for four to five months

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

at the time and had relied on her to conduct several other controlled buys. Her information about those deals had been accurate and reliable.

Nolan arranged to meet Bennett and buy drugs. On the day of the meeting, Nocera gave Nolan $500 and a recording device. She drove to meet Bennett at his mother's house. Nocera and several other agents followed in separate cars. Upon her arrival, Nolan was escorted to Bennett, who was sitting in the driver's seat of a purple Cadillac parked outside the house. Once in the car, Nolan paid Bennett for half an ounce of crack cocaine. Bennett took the drugs out of the car's center console and handed them to her. She then left and drove back to a prearranged meeting place, with the agents following. She described the transaction to them and handed over the drugs that she had purchased. A field test confirmed that they contained cocaine. Nocera recovered the recording of the transaction from Nolan, but did not listen to it at that time.

Less than an hour later, Nocera and the other agents returned to the house. They found Bennett still sitting in the Cadillac and informed him that he was under arrest for selling cocaine. When Bennett got out of the car, agents spotted a Glock 9mm and a bag full of what was later determined to be 35.6 grams of crack on the floor of the car. Agents searched the car and found four cell phones and various drug-dealing paraphernalia. They also searched Bennett's person and found over $2,800 in cash and two baggies of marijuana.

A grand jury indicted Bennett for committing numerous drug-trafficking and firearms offenses. Bennett moved to suppress the evidence recovered from his person and his car. The magistrate judge held a hearing and recommended denying the motion. The district court agreed. Bennett proceeded to trial, where the jury found him guilty on all counts. This appeal followed.

II.

A.

Bennett first challenges the district court's denial of his motion to suppress the evidence found on his person and in his car. In this context, "we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Oliver*, 397 F.3d 369, 374 (6th Cir. 2005).

Nocera searched Bennett subsequent to a warrantless arrest. Bennett contends that both the search and the arrest were unlawful because Nocera lacked probable cause to think that Bennett had committed a felony. "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. McClain*, 444 F.3d 556, 562 (6th Cir. 2005). The standard is a "practical, nontechnical conception" that we must assess in light of the totality of the circumstances. *See Illinois v. Gates*, 462 U.S. 213, 230-31 (1983).

Based on the circumstances here, Nocera had ample grounds to believe that Bennett was dealing illegal narcotics. Nocera had worked with Nolan in the past, including on several other controlled buys, and she had always been reliable. He worked with her to set up the controlled buy from Bennett. Although he did not directly observe the sale, he followed Nolan to and from the arranged location. At the de-briefing shortly thereafter, she described the drug transaction to him in detail, and the substance that she apparently purchased tested positive for cocaine.

Bennett contends that Nolan nonetheless was not credible because her husband had dealt drugs in the past. According to Bennett, Nocera should have suspected that, instead of buying the drugs from Bennett, Nolan had gotten drugs from her husband, hidden them in her car, staged the

rendezvous with Bennett, and then lied to the FBI in an elaborate attempt to frame Bennett. But Nocera testified at trial that he searched Nolan's person and car before and after the controlled buy to rule out that very possibility. Moreover, the district court found Nolan to be a reliable informant, and the mere fact that her husband had dealt drugs does not render that finding clearly erroneous. *See Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (holding that an eyewitness identification establishes probable cause to arrest a suspect). Bennett's arrest was lawful.

Bennett also contends that his arrest did not justify the agents' search of his car. In support, he points to the Supreme Court case of *Arizona v. Gant*, 129 S. Ct. 1710 (2009). But *Gant* confirms that police may search a vehicle incident to a recent occupant's arrest "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* at 1719 (internal citation marks omitted). That exception applies here: Bennett was arrested for selling drugs out of his car, and Nolan told the agents that Bennett had taken the drugs out of the center console. So the agents had good reason to suspect there was evidence of Bennett's crime in the car. The search was therefore lawful and the district court properly denied his motion to suppress.

B.

Bennett next argues that we should overturn his sentence because, he says, the prosecutor committed misconduct during opening statements. We review the district court's denial of a mistrial on this basis for an abuse of discretion. *United States v. Wettstain*, 618 F.3d 577, 588 (6th Cir. 2010).

Bennett stipulated pre-trial to the fact that he was a convicted felon and thus could not lawfully possess a firearm. According to the transcript, however, the prosecutor stumbled when

explaining what Bennett had stipulated to, suggesting that Bennett had stipulated to selling drugs to

Nolan:

> Now you already know the Defendant has stipulated that he is a convicted felon. Defendant will stipulate that he's a convicted felon, sold drugs to a confidential informant. Unbeknownst to him, he sold the drugs while being watched by the FBI and the KPD. They arrested him and they found him in possession of a firearm as a convicted felon, along with half an ounce of crack that he intended to sell. He possessed that firearm in furtherance of the drug trafficking.

We reverse a conviction only if a prosecutor's misconduct was flagrantly improper. *See*

*United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999). This statement does not remotely

approach that threshold. It was a single, inadvertent, ambiguous comment at the beginning of the

trial. Moreover, there was overwhelming evidence of Bennett's guilt, so any error was harmless.

*See id.* This argument is meritless.

C.

Finally, Bennett argues that the district court erred in denying his motion for acquittal. We

review that denial to see whether, "after viewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Bennett

was convicted on one count of conspiring to possess with intent to distribute over five kilograms of

cocaine and over fifty grams of crack in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; one count

of distributing over five grams of crack in violation of § 841(a)(1) and (b)(1)(B); one count of

possessing with intent to distribute over five grams of crack in violation of § 841(a)(1) and (b)(1)(B);

and two counts of illegally possessing a firearm in violation of 18 U.S.C. §§ 924(c) and 922(g)(1).

With respect to the conspiracy count, the prosecution produced numerous witnesses who testified that they had sold Bennett multiple kilograms of cocaine on multiple occasions over a two-year period and had seen him cook some of that cocaine into crack. The jury could infer that a conspiracy existed based on that evidence alone. *See United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003). A reasonable jury could also convict Bennett on the distribution and possession counts based on Nolan's testimony and the drugs that the agents recovered. And there was plenty of evidence for a reasonable jury to convict Bennett on the two firearms charges as well: The agents found a loaded 9mm handgun under his seat when they arrested him, and several of Bennett's former suppliers testified that they had frequently seen him carrying a gun during drug deals.

\* \* \*

The district court's judgment is affirmed.